Denisse O. Gastélum, SBN 282771
**GASTÉLUM LAW, APC**
**A Professional Corporation**
3767 Worsham Ave.
Long Beach, California 90808
Tel: (213) 340-6112
Fax: (213) 402-8622
Email: dgastelum@gastelumfirm.com

Christian Contreras, SBN 330269
**THE LAW OFFICES OF**
**CHRISTIAN CONTRERAS**
**Professional Law Corporation**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000
Fax: (323) 597-0101
Email: CC@Contreras-Law.com

Attorneys for Plaintiffs, ESTATE OF RICHARD MATUS, JR., *et al*.

# UNITED STATES DISTRICT COURT

# THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ESTATE OF RICHARD MATUS, JR., by and through successors in interest, G.M., R.M., and Lisa Matus; G.M., a minor, by and through Guardian Ad Litem, Candace Cortez; R.M., a minor, by and through Guardian Ad Litem, Candace Cortez; LISA MATUS, individually, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF RIVERSIDE, a public entity; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; SHERIFF CHAD BIANCO, in his individual and official capacities; EDWARD DELGADO; JAMES KRACHMER; DAVID HOLM; and DOES 1 through 10, individually, jointly and severally, <br><br> Defendants. | **CASE NO.  5:23-cv-00506-MEMF-SP** <br> *[Assigned to the Hon. Maame Ewusi-Mensah Frimpong, District Judge; Referred to the Hon. Sheri Pym, Magistrate Judge]* <br><br> **DISCOVERY MATTER** <br><br> **Magistrate Judge Sheri Pym** <br><br> **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT COUNTY OF RIVERSIDE TO PRODUCE DOCUMENTS AND REQUEST FOR SANCTIONS** <br><br> **Date:** February 6, 2024 <br> **Time:** 10:30 am <br> **Location:** George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Courtroom 4, 3rd Floor, Riverside, CA 92501 <br><br> **Discovery Cut-Off:** July 31, 2024 <br> **Pre-Trial Conference:** January 15, 2025 <br> **Trial Date:** February 3, 2025 |

1

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT COUNTY OF RIVERSIDE TO PRODUCE DOCUMENTS AND REQUEST FOR SANCTIONS

## I.    **<u>INTRODUCTION</u>**

Defendant County of Riverside's opposing arguments do little to advance their position as to whether or not they have complied with their discovery obligations. The County does not address, much less refute, its (1) failure to properly search for documents that may be responsive to Plaintiffs' initial discovery set which was served *four months ago*; (2) failure to properly search for and produce responsive ESI; (3) failure to include all withheld files in a privilege log; (4) failure to address Sheriff Bianco's spoliation of evidence; and (5) failure to rectify their discovery responses which are riddled with frivolous and unsubstantiated objections to Plaintiffs' discovery requests.

In anticipation of the parties' respective LR 37-2.3 supplemental memorandum, Plaintiffs' counsel requested that the parties convene to discuss when Plaintiffs could anticipate receiving an updated privilege log that accurately and comprehensively captures *all* responsive documents that are being withheld from Plaintiffs in the *Matus* matter; the required Official Information Privilege declaration/affidavit; and the documents that were specifically identified in the pending discovery motion as files that are known to exist to Plaintiffs but have yet to be disclosed/produced in discovery by Defendants.   *See* Declaration of Denisse O. Gastélum (hereinafter "Decl. of Gastélum") at parag. 2, Ex. 1.[1]   Defense counsel ignored this request.  *Id*.

Indeed, there have been other missed opportunities by defense counsel to rectify the discovery disputes (or at a minimum *reduce* the number of disputes) addressed in the pending Joint Discovery Motion (Dkt. 38).   Since the filing of the Joint Discovery Motion, the parties have attended two LR 7-3 meet and confers,

---

[1] To the extent Defendants attempt to object to this supplemental memorandum, such objection is not well taken. *See, e.g., Sprengel v. Mohr*, 2012 WL 12885115, at *2 n.3 (C.D. Cal. Sept. 14, 2012). In *Sprengel*, Hon. Magistrate Judge Pym noted that although Local Rule 37-2.2 appears to contemplate that all declarations and exhibits will be filed with the joint stipulation, Local Rule 37-2.3 does not explicitly prohibit supplemental declarations or exhibits. *See id.* The supplemental evidence in *Sprengel* consisted of 61 pages that aided the resolution of the dispute. For that reason, the court declined to strike that supplemental evidence.

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT COUNTY OF RIVERSIDE TO PRODUCE DOCUMENTS AND REQUEST FOR SANCTIONS

specifically on January 16, 2024 regarding Defendants' anticipated Motion to Stay Monell Discovery and on January 17, 2024 regarding Plaintiffs' Motion to Amend the Pleadings and Add Parties. *See* Decl. of Gastélum at parag. 3.

At no point did defense counsel attempt to address the withholding of responsive documents, or even propose a "comprise" for the production of certain files which are clearly not *Monell*-related discovery nor protected by any privilege. *Id*. A case in point is Defendants' *continued* withholding of 29 audio recorded inmate witness statements. Indeed, the audio recorded statement of Mr. Matus's cell mate was produced in discovery, but not the audio recorded statements of 29 other inmates. Other illustrations of this wrongful withholding of responsive documents include the withholding of Investigator William's "final report" investigative report regarding Mr. Matus's death; RCSD Coroner's Reviews relating to in-custody deaths at the County Jails; RCSD In-Custody Death Reviews relating in-custody deaths at the County Jails; reports issued by the Court Experts in the *Gray v. County of Riverside* class action lawsuit, Case No. EDCV13-0444 VAP (OP); emails between Sheriff Bianco and the higher brass pertaining to the record-breaking overdoses and deaths in the County Jails in 2022, and more importantly, pertaining to their response—or lack thereof—to same; RCSD's compliance with Title 15 Minimum Standards For Local Detention Facilities; California Board of State and Community Corrections ("BSCC") inspection/audit reports regarding the County Jails; and files pertaining to two RCSD *correctional* deputies who were recently arrested for the possession of fentanyl inside the County Jails and for the distribution of 114 pounds of fentanyl.

One has to has oneself: *Why*? Why the withholding? Why the concealment?

What is perhaps the most disturbing is the fact that the pending discovery motion is based, in great part, on a discovery set that was served four months ago, specifically on September 22, 2023. It is evidently clear that without the Court's intervention, Defendant County of Riverside and Defendant Riverside County

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT COUNTY OF RIVERSIDE TO PRODUCE DOCUMENTS AND REQUEST FOR SANCTIONS

Sheriff's Department will continue to obfuscate and conceal[2] responsive documents that go to the very heart of the *Matus* matter:  an in-custody death that occurred during a correctional facility's deadliest year since 2005 with the added backdrop of a Sheriff who so publicly ratifies misconduct on behalf of his subordinates despite concrete evidence pointing to unconstitutional and criminal-like behavior on behalf of the correctional deputies *inside* the County Jails.

## II. SHERIFF INVESTIGATOR KRAMER'S DECLARATION FAILS TO INVOKE THE OFFICIAL INFORMATION PRIVILEGE

Foremost, Investigator Kramer's declaration was never served on Plaintiffs prior to Defendant's filing of their supplemental declaration. Indeed, Plaintiffs first became aware of such declaration despite offering to further meet and confer with Defendants earlier in the day.

Worst yet, Investigator Kramer's declaration is fatally deficient in invoking the official information privilege. The party asserting the privilege must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit which includes: "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made." *Kelly v. City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987).

Here, Investigator Kramer gives a vague assertion re confidentiality and conditionally attests that certain documents are confidential "to the extent they pertain

---

[2] And *spoliate* evidence as we know Sheriff Bianco has already done by deleting Facebook comments which speak to supervisorial liability in a federal civil rights action.  *See* First Amended Complaint, Dkt. 19, at parag. 70 and accompanying screenshot of Sheriff Bianco's deleted Facebook post wherein he blamed inmates and their families for committing suicide and ingesting illicit drugs in *his* jails.

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT COUNTY OF RIVERSIDE TO PRODUCE DOCUMENTS AND REQUEST FOR SANCTIONS

to an ongoing investigation." ¶ 6. However, given the conditional nature and the vague assertions by Investigator Kramer, Defendants have not clearly identified nor attested whether the documents at issue are confidential. Defendants merely state confidentiality may apply but utterly fail to attest to what exactly is confidential.

Next, again, Investigator Kramer vaguely attests that he has "personally reviewed the personnel files sought by plaintiffs in this action" but fails to identify which specific documents. ¶ 13.

Further, any governmental or privacy interests is inapplicable given that there is a protective order in this case. Moreover, Investigator Kramer also fails to explain how a how disclosure subject to a carefully crafted protective order would create a substantial risk of harm. Investigator Kramer merely makes generalized assertions.

Finally, there is zero concrete projections of how much harm would be done is disclosure would be made. Investigator Kramer makes conspiratorial projections which are speculation such as Plaintiff's counsel "leaking" information to the media. Therefore, Defendants have failed to invoke the official information privilege.

### III.    CONCLUSION

Plaintiffs, once again, request the Court intervene by *first* ordering Defendants County of Riverside and the Riverside County Sheriff's Department to disclose their efforts to search for responsive documents, including the search terms used for Electronically Stored Information, the location of documents and Electronically Stored Information, and the identities of the custodians whose hard-copy or electronic files were searched.  Only then can Plaintiffs (and the Court) be assured that Defendants are complying with their discovery obligations owed to Plaintiffs in this action.

Respectfully submitted,

Dated: January 23, 2024          GASTÉLUM LAW, APC

By: */s/ Denisse O. Gastélum*
Denisse O. Gastélum, Esq.
Attorneys for Plaintiffs,

ESTATE OF RICHARD MATUS, JR., *et al.*

Dated: January 23, 2024          LAW OFFICES OF CHRISTIAN CONTRERAS
                                 A Professional Law Corporation

                                 By: */s/ Christian Contreras*
                                 Christian Contreras, Esq.
                                 Attorneys for Plaintiffs,
                                 ESTATE OF RICHARD MATUS, JR., *et al.*

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT COUNTY OF RIVERSIDE TO PRODUCE DOCUMENTS AND REQUEST FOR SANCTIONS