UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00506-MEMF-SP | Date | February 5, 2024 |
|---|---|---|---|
| Title | Estate of Richard Matus, Jr. et al v. County of Riverside et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Clerk | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**  (In Chambers) Order Denying Plaintiffs' Motion to Compel Without Prejudice and Directing Meet and Confer [38]

## I. INTRODUCTION

On January 16, 2024, plaintiffs Estate of Richard Matus, Jr. and Lisa Matus filed a motion to compel defendant County of Riverside to produce documents and pay sanctions.  Docket no. 38.  The parties' positions are set forth in a joint stipulation ("JS").  Plaintiffs' motion is supported by the declaration of their counsel Denisse O. Gastélum ("Gastélum Decl.") and exhibits.  Defendant's arguments are supported by the declaration of its counsel Lilit Arabyan ("Arabyan Decl.") and exhibits.

Defendant filed a supplemental memorandum on January 23, 2024, supported by the declaration of Sheriff's Investigator Michael Kramer ("Kramer Decl.").  Docket no. 41.  Plaintiffs also filed a supplemental memorandum on January 23, 2024, supported by the further declaration of their counsel ("Gastélum Supp. Decl.") and exhibit.  Docket no. 42.

The court found a hearing on the motion would not be of assistance, and so vacated the hearing scheduled for February 6, 2024.  The court now denies plaintiffs' motion without prejudice for the reasons discussed below.

## II. BACKGROUND

On September 22, 2023 plaintiff Estate served defendant with its first set of production of documents ("RFPs").  Gastélum Decl. ¶ 4, Ex. 3; Arabyan Decl. ¶ 2, Ex.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00506-MEMF-SP | Date | February 5, 2024 |
|---|---|---|---|
| Title | Estate of Richard Matus, Jr. et al v. County of Riverside et al. | | |

1c.  Defendant served its response on November 2, 2023, which stated that it would produce documents responsive to RFP Nos. 1-6 and 10-59 once a protective order was in place, and asserted objections to RFP Nos. 7-9 and 60-61.  Gastélum Decl. ¶ 5, Ex. 4; Arabyan Decl. ¶ 3, Ex. 2a.  On November 7, 2023, plaintiff Lisa Matus served defendant with her first set of RFPs.  Gastélum Decl. ¶ 6, Ex. 5; Arabyan Decl. ¶ 2, Ex. 1b.  The court issued the parties' requested protective order on November 20, 2023.  Docket no. 34.  On December 7, 2023, defendant produced documents in response to plaintiff Estate's RFPs along with a privilege log.  Gastélum Decl. ¶ 10, Ex. 9; Arabyan Decl. ¶ 4, Ex 3.  The same day, defendant served its responses to plaintiff Lisa Matus's RFPs. Gastélum Decl. ¶ 11, Ex. 10; Arabyan Decl. ¶ 3, Exs. 2b, 2c.  In response to each request, defendant asserted objections and stated: "responsive documents in the custody of defendant are attached as Exhibit A to defendant's supplemental responses to Initial Disclosures."  *Id*.  Exhibit A was a table cataloging the documents defendant had already produced in response to plaintiff Estate's RFPs.  Gastélum Decl. ¶ 13, Ex. 12; Arabyan Decl., Ex. 2b.

On December 22, 2023, plaintiffs sent defendant a meet and confer letter regarding deficiencies in its responses, and proposing they meet on January 2, 3, 4, or 5, 2024. Gastélum Decl. ¶ 15, Ex. 14; Arabyan Decl. ¶ 5, Ex. 4.  Defendant responded on December 27, 2023, stating that it would also like to meet and confer about various additional issues, but that it was not available on the dates plaintiffs suggested.  Gastélum Decl., Ex. 15; Arabyan Decl. ¶ 5, Ex. 4.  Defendant proposed January 9, 15, or 16 as alternative dates for a conference.  *Id*.  Plaintiffs sent defendant their portion of a joint stipulation on January 5, 2024.  Gastélum Decl., Ex. 16; Arabyan Decl. ¶ 5, Ex. 4.

### III. DISCUSSION

The local rules of this court require the parties to meet and confer in good faith, or the moving party must submit a declaration that the opposing party failed to confer in a timely manner.  L.R. 37-1, 37-2.4.  The moving party must serve a letter requesting a conference, identifying the issues or discovery requests in dispute, providing any legal authority it believes is dispositive of the dispute, and specifying the terms of the discovery order sought.  L.R. 37-1.  The moving party is responsible for arranging the parties' meet and confer session.  *Id.*  "If counsel are unable to settle their differences,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00506-MEMF-SP | Date | February 5, 2024 |
|---|---|---|---|
| Title | Estate of Richard Matus, Jr. et al v. County of Riverside et al. | | |

they must formulate a written stipulation" that includes, among other things, each party's contentions as to each discovery request at issue, separately stated. L.R. 37-2.1. "When a party states its contentions on a particular issue, such party must also state how it proposed to resolve the dispute over that issue at the conference of counsel." *Id.* Courts have discretion to deny discovery motions that do not comply with the local rules. *See Tri-Valley CARES v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *Lumber Liquidators, Inc. v. Sullivan*, 2012 WL 4464867, at *4 (C.D. Cal. Aug. 31, 2012) (denying discovery motion that failed to comply with L.R. 37); *So v. Land Base, LLC*, 2009 WL 2407954, at *2 (C.D. Cal. Aug. 4, 2009) (same).

The parties here failed to comply with the requirements of Local Rule 37. Plaintiffs argue they fulfilled their obligations to meet and confer by sending their meet and confer letter on December 22 and offering a 14-day window for a conference. JS at 3. They argue that when defendant responded on December 27, it raised its own issues and ignored those in plaintiffs' letter, and refused to meet during the window plaintiffs provided. JS at 4. But a review of the correspondence shows defendant's response expressed openness to conferring about the issues plaintiffs raised *and* additional issues noted by defendant. *See* Gastélum Decl. ¶ 16, Ex. 15. Further, while defendant was unavailable during the window plaintiffs provided due to the holidays, it suggested additional dates, one of which was four days after the last date proposed by plaintiffs. *Id.*

Although plaintiffs correctly state that the Local Rules require counsel for the opposing party must meet with counsel for the moving party within ten days after the letter is served, defendant here made good faith offers to meet when possible following the holidays. But instead of accommodating defendant's offer to meet four days after the close of the window plaintiffs provided, plaintiffs proceeded to file their motion disputing every single one of the 123 RFPs that comprise the two sets at issue. While the parties have had two meet and confer sessions about other issues since plaintiffs filed the instant motion (Gastélum Supp. Decl. ¶ 3), they apparently have not bothered trying to narrow the disputes they ask the court to resolve here.

In the parties' email correspondence prior to the filing of this motion, defendant sent plaintiffs an excerpt from this court's June 15, 2023 order in *Leeyonnie Hernandez v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00506-MEMF-SP | Date | February 5, 2024 |
|---|---|---|---|
| Title | Estate of Richard Matus, Jr. et al v. County of Riverside et al. | | |

*County of Riverside, et al.*, Case No. 5:21-cv-01791.  *See* Gastélum Decl. ¶ 17, Exs. 16, 17.  Indeed, the circumstances there bear similarity to those here.  As was the case there, the parties here fail to articulate separate contentions as to each disputed issue.  Rather, the parties each set forth legal arguments generally applicable to all responses, and incorporate these arguments by reference for each of the RFPs, as if the contentions apply equally to all 123 RFPs at issue in this motion.  *See* JS 8-53.  While incorporation by reference to avoid needless repetition is not improper when issues overlap, the numerous requests at issue here seek different types of information that require separate and distinct explanations, at least to some extent, as to whether the information sought is in fact discoverable.  For example, Interrogatory No. 1 seeks the decedent's housing logs for the time period he was housed in defendant's jails, but the parties' contentions also include arguments regarding emails, investigation reports, and personnel files.  Consequently, the court cannot tell with any certainty which arguments relate to which issues in dispute.

The court repeats here what it stated in its June 15, 2023 *Hernandez* order, of which both parties are apparently already aware:  In essence, what the parties have done here is to set forth each discovery request and response, provide general statements of discovery law and argument broadly related to the requests, and then leave it for the court to sort out what applies to which requests, and to what extent defendant should be ordered to respond.  This is utterly contrary to both the letter and spirit of Local Rule 37.  It is not up to the court to do counsel's work for them.

Accordingly, the court directs the parties to meet and confer thoroughly and in good faith regarding the 123 RFPs at issue in this motion.  If the parties are not able to resolve all these issues, they may file another joint stipulation identifying the requests that remain in dispute and following the procedures under Local Rule 37.  Among other things, in any amended joint stipulation the parties shall specifically state how they each proposed to resolve the disputes for each request and what arguments prevent them from accepting the other side's proposed resolution.

//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00506-MEMF-SP | Date | February 5, 2024 |
|---|---|---|---|
| Title | Estate of Richard Matus, Jr. et al v. County of Riverside et al. | | |

## IV. <u>ORDER</u>

For the foregoing reasons, the court DENIES without prejudice plaintiffs' motion to compel and request for sanctions (docket no. 38) for failure to comply with Local Rule 37, as set forth above.