**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
E-Mail: Tony.Sain@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
COUNTY OF RIVERSIDE (erroneously named as both "COUNTY OF RIVERSIDE" and "RIVERSIDE COUNTY SHERIFF'S DEPARTMENT") and Deputy ANGEL ROJAS

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

ESTATE OF RICHARD MATUS, JR., by and through successors in interest, G.M., R.M., and Lisa Matus; G.M., a minor, by and through Guardian Ad Litem, Candace Cortez; R.M., a minor, by and through Guardian Ad Litem, Candace Cortez; LISA MATUS, individually,

Plaintiffs,

vs.

COUNTY OF RIVERSIDE, a public entity; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; ANGEL ROJAS,

Defendants.

Case No. 5:23-cv-00506-SSS-SPx
[*Hon. Sunshine Suzanne Sykes, Dist. Judge; Hon. Sheri Pym, M. Judge]*

**JOINT JUDGMENT**[1]

[1] Defendants intend to file a Rule 50(b)/59 Motion requesting that this Court grant judgment for Defendants on *all* claims and, thus, do not concede that Plaintiffs are entitled to judgment in this matter, but participates in this Joint Proposed Judgment in compliance with this Court's Order to do so. [Dkt. 282.] Defendants reserve our applicable OBJECTIONS [*e.g*, Dkt. 280] to this proposed Judgment because, as detailed in Defendants' Rule 50(b)/Rule 59 Motion, on this verdict, Defendants are entitled to Judgment on *all* of Plaintiffs' claims, including the Sixth Cause of Action for Negligence – Wrongful Death. Plaintiffs dispute and do *not* stipulate to Defendants' Objection or to the terms of this paragraph.

## JUDGMENT

The trial of this action began on August 17, 2026, in Courtroom 2 of the United States District Court, Central District of California, George E. Brown, J. Federal Building and United States Courthouse, 3470 Twelfth Street, Riverside, California 92501, Honorable Sunshine S. Sykes presiding.

Plaintiffs ESTATE OF RICHARD MATUS, J.R., by and through successors in interest, G.M., R.M., and LISA MATUS; G.M., a minor, by and through Guardian Ad Litem, Amelia Murillo; R.M., a minor, by and through Guardian Ad Litem, Amelia Murillo; LISA MATUS, individually, were represented by Christian Contreras of Christian Contreras Law, PLC, at trial.

Defendants COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and ANGEL ROJAS were represented by Tony M. Sain and Abigail J.R. McLaughlin of Lewis Brisbois Bisgaard & Smith, LLP at trial.

A jury of eight persons was regularly empaneled and sworn, though one was dismissed before presentation of the case. Witnesses were sworn and testified. The jury of seven deliberated and thereafter unanimously returned a verdict as follows:

**Question 1**

Did Defendant Angel Rojas deliberately ignore an inmate's intercom call(s) about Richard Matus, Jr.'s medical emergency?

YES ____ NO X

*If you answered "Yes" to this question, proceed to Question 3.*
*If you answered "No" to this question, proceed to Question 2.*

**Question 2**

Did Defendant Angel Rojas unreasonably ignore an inmate's intercom call(s) about Richard Matus, Jr.'s medical emergency?

YES X NO ___

*If you answered "Yes" to this question, proceed to Question 10.*
*If you answered "No" to this question, answer no further questions on this Verdict Form and have your presiding juror sign where indicated.*

## I. 42 U.S.C. § 1983: FAILURE TO PROTECT FROM HARM, FAILURE TO PROVIDE MEDICAL CARE UNDER THE FOURTEENTH AMENDMENT

**Question 3**

Did Defendant Angel Rojas fail to take objectively reasonable actions to summon medical care during the incident?

YES _____ NO ___

*If you answered "Yes" to this question, proceed to Question 4.*
*If you answered "No" to this question, proceed to Question 10.*

**Question 4**

Was Defendant Angel Rojas's conduct the actual and proximate cause of Richard Matus, Jr.'s injuries and/or death?

YES _____ NO ___

*If you answered "Yes" to this question, proceed to Question 5.*
*If you answered "No" to this question, proceed to Question 10.*

## II. *MONELL*-MUNICIPAL LIABILITY

**Question 5**

Did Defendant County of Riverside (including its Riverside County Sheriff's Department) have a longstanding practice of intentionally ignoring inmates' intercom calls?

County of Riverside YES _____ NO ___

*If you answered "Yes" to this question, proceed to Question 6.*
*If you answered "No" to this question, proceed to Question 7.*

**Question 6**

Was Defendant County of Riverside's longstanding practice of ignoring inmates' intercom calls the actual and proximate cause of Richard Matus, Jr.'s injuries and/or death?

YES _____ NO ___

*Proceed to Question 7.*

## III. FOURTEENTH AMENDMENT DUE PROCESS CLAIM FOR DEPRIVATION OF FAMILIAL ASSOCIATION (42 U.S.C. § 1983)

**Question 7**

Was Defendant Angel Rojas's conduct harm Richard Matus, Jr.?

YES _____ NO ___

*If you answered "Yes" to this question, proceed to Question 8.*
*If you answered "No" to this question, proceed to Question 10.*

**Question 8**

Did Defendant Angel Rojas's conduct shock the conscience?

YES _____ NO ___

*If you answered "Yes" to this question, proceed to Question 9.*
*If you answered "No" to this question, proceed to Question 10.*

**Question 9**

Did Defendant Angel Rojas's actions cause Plaintiffs Lisa Matus, G.M., and/or R.M. to be deprived of their companionship and society of Richard Matus, Jr.?

YES _____ NO ___

*Proceed to Question 10.*

## IV. NEGLIGENCE: WRONGFUL DEATH

**Question 10**

Was Defendant Angel Rojas's conduct a substantial factor in causing Richard Matus, Jr.'s injuries and/or death?

YES X NO ___

*If you answered "Yes" to this question, proceed to Question 11.*
*If you answered "No" to this question, proceed to Question 15.*

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

**Question 11**

Was Richard Matus, Jr. negligent?

YES X NO ___

*Proceed to Question 12.*

**Question 12**

Was Richard Matus, Jr.'s conduct a substantial factor in causing Richard Matus, Jr.'s injuries and/or death?

YES X NO ___

*If you answered "Yes" to this question, proceed to Question 13.*
*If you answered "No" to this question, proceed to Question 14.*

**Question 13**

If you answered "Yes" to any Party in Questions 10 and/or 12, then answer the following question: Using 100% as the total, what percentage of responsibility for Plaintiffs' injuries and/or death do you assign to:

Dep. Angel Rojas 40 %

Richard Matus, Jr. 60 %

*Proceed to Question 14.*

## V. VIOLATION OF CAL. GOV. CODE § 845.6

### Question 14

Did Defendant Angel Rojas know or have reason to know that Richard Matus, Jr. needed immediate medical care by deliberately or unreasonably ignoring an inmate intercom call?

YES ____ NO X

*Proceed to Question 15.*

## VI. DAMAGES

### Question 15

If you answered "Yes" to Questions 4, 9, 10, and/or 14, what amount of damages, if any do you award for Richard Matus, Jr.'s pre-death pain and suffering?

$ 500K

### Question 16

If you answered "Yes" to Questions 4, 9, 10, and/or 14, what amount of damages, if any, do you award for Richard Matus, Jr.'s death?

$ 2mil.

*Proceed to Question 17.*

**Question 17**

If you answered "Yes" to Questions 9, 10, and/or 14, what amount of damages do you award for G.M., R.M., and Lisa Matus's damages for past and future loss of companionship and society with Richard Matus, Jr.?

**G.M.:** $ 1.5 mil. (Past damages)

$ 2.5 mil. (Future damages)

**R.M.:** $ 1.5 mil. (Past damages)

$ 2.5 mil. (Future damages)

**Lisa Matus:** $ 2 mil. (Past damages)

$ 1 mil. (Future damages)

**Question 18**

If you answered "Yes" as to Question 6, what amount of damages do you find that Richard Matus, Jr. sustained because of the County of Riverside's unconstitutional actions?

$__________

*Proceed to Question 19.*

## VII. Punitive Damages

**Question 20**

If you answered "Yes" for any Defendant in Questions 4 and/or 9, then answer the following question: By a preponderance of the evidence, did Defendant(s) engage in conduct that was malicious, oppressive, or in reckless disregard of Plaintiffs' Fourteenth Amendment rights?

Dep. Angel Rojas YES _____ NO ___

Please date and sign below and return this form to the Court. Thank you.

DATED: 8/25/26 [redacted]

FOREPERSON OF THE JURY

Based upon the verdict, **IT IS NO THEREFORE ADJUDGED AND DECREED** that final judgment in this action be entered as follows[2]:

1. On the claim of **Failure to Protect from Harm, Fourteenth Amendment Violation**, pursuant to 42 U.S.C. § 1983 by Plaintiff ESTATE OF RICHARD MATUS, JR. against Defendant Deputy ANGEL ROJAS, the Court finds that **Defendant Deputy ANGEL ROJAS prevailed** on this cause of action and all claims therein. Accordingly, Plaintiff ESTATE OF RICHARD MATUS, JR. shall recover nothing as to this claim.

[2] On August 19, 2026, plaintiffs dismissed with prejudice all claims against defendant Deputy Brandon Thompson. [Dkt. _261.] On August 24, 2026, the Court granted Defendants' Rule 50(a) motion as to defendant Deputy Mario Correa, resulting in a Judgment in that defendant's favor as to all of plaintiffs' claims. [Dkt. 264.]

2. On the claim of **Failure to Provide Medical Care, Fourteenth Amendment Violation**, pursuant to 42 U.S.C. § 1983 by Plaintiff ESTATE OF RICHARD MATUS, JR. against Defendant Deputy ANGEL ROJAS, the Court finds that **Defendant Deputy ANGEL ROJAS <u>prevailed</u>** on this cause of action and all claims therein. Accordingly, Plaintiff ESTATE OF RICHARD MATUS, JR. shall recover nothing as to this claim.

3. On the claim of **Deprivation of the Right to Familial Relationship with Decedent**, pursuant to 42 U.S.C. § 1983 by Plaintiffs R.M., G.M., and LISA MATUS against Defendant Deputy ANGEL ROJAS, the Court finds that **Defendant Deputy ANGEL ROJAS <u>prevailed</u>** on this cause of action and all claims therein. Accordingly, Plaintiffs R.M., G.M., and LISA MATUS shall recover nothing as to this claim.

4. On the claim of **Municipal Policies, Customs, Practices Causing Constitutional Violations (*Monell*)**, pursuant to 42 U.S.C. § 1983 by Plaintiff ESTATE OF RICHARD MATUS against Defendants COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, the Court finds that **Defendants COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT <u>prevailed</u>** on this cause of action and all claims therein. Accordingly, Plaintiffs ESTATE OF RICHARD MATUS, JR., G.M., R.M., and LISA MATUS shall recover nothing as to this claim.

5. On the claim of **Negligence – Wrongful Death**, pursuant to California law by Plaintiffs R.M., G.M., and LISA MATUS against Defendant Deputy ANGEL ROJAS and vicariously against Defendants COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, the Court hereby finds that **Plaintiffs R.M., G.M., and LISA MATUS prevailed** on this cause of action and all claims therein.

6. On the claim of **Violation of California Government Code § 845.6**, pursuant to California law by Plaintiff ESTATE OF RICHARD MATUS, JR. against

Defendant Deputy ANGEL ROJAS and vicariously against Defendants COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, the Court hereby finds that **Defendants COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and Deputy ANGEL ROJAS prevailed** on this cause of action and all claims therein. Accordingly, Plaintiff ESTATE OF RICHARD MATUS, JR. shall recover nothing as to this claim.

7. As part of its verdict, the jury also awarded **$13,500,000.00** to Plaintiffs ESTATE OF RICHARD MATUS, JR., R.M., G.M., and LISA MATUS for damages under the Negligence – Wrongful Death claim. However, in evaluating comparative negligence, the jury also found that Plaintiffs' decedent RICHARD MATUS, JR. was 60% liable for his own negligent death/harms/damages, while Defendant Deputy ANGEL ROJAS was 40% liable for such injuries and/or death by negligence. Accordingly, the **Court hereby reduces the $13,500,000 in damages awarded by the jury on the Negligence claim by 60%**.

8. In light of the foregoing, the **total amount of compensatory damages to be awarded to Plaintiffs ESTATE OF RICHARD MATUS, JR., R.M., G.M., and LISA MATUS on all of their claims in this action is $5,400,000.00.**

9. In light of the fact that the jury did not find any predicate for such damages, as to the claim for **punitive damages** by **Plaintiffs** ESTATE OF RICHARD MATUS, JR., R.M., G.M., and LISA MATUS, the Court hereby finds that Plaintiffs shall not recover any such damages. **Thus, no punitive damages are to be awarded.**

10. In light of Plaintiffs ESTATE OF RICHARD MATUS, JR., R.M., G.M., and LISA MATUS prevailing on the Negligence claim and being awarded damages, JUDGMENT is HEREBY entered in favor of Plaintiffs ESTATE OF RICHARD MATUS, JR., R.M., G.M., and LISA MATUS and against Defendants COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and Deputy ANGEL ROJAS.

///

11. Interest shall be calculated from the date of entry of judgment at the rate specified by 28 U.S.C. § 1961.

12. Plaintiffs may seek post-judgment remedies as provided in Fed. R. Civ. P. 54(d) and Local Rule 52.

**IT IS SO ORDERED.**

DATED: September 25, 2026

UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA

Hon. Sunshine S. Sykes
UNITED STATES DISTRICT JUDGE